No. 23-50008

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MAHSA PARVIZ
Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
DISTRICT COURT No. 2:21-cr-00293-SB (DMGx)

APPELLANT'S OPENING BRIEF;
MOTION FOR REVIEW OF DENIAL OF RELEASE
PENDING APPEAL (Fed. R. App. P. 9); MOTION
To SEAL AND ISSUE PROTECTIVE ORDER

MAHSA PARVIZ
P.O. BOX 13900 (#54652509)
Seattle, WA 98198

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 03 2023

FILED
DOCKETED
DATE          INITIAL

# TABLE OF AUTHORITIES

DESCRIPTION                                         PAGE(S)

## FEDERAL CASES

United States v. Wolf Child,
    699 F.3d 1082, 1089 (9th Cir. 2012)

Dubin v. United States,
    No. 22-10, 599 U.S. - (June 8, 2023)

United States v. Aruda,
    993 F.3d 797 (9th Cir. 2021)

United States v. Baeza-Vargas,
    532 F. Supp. 3d 840 (D. Ariz. Apr. 5, 2021)

United States v. Rodriguez,
    424 F. Supp. 3d 674, 681-682 (N.D. Cal. 2019)

United States v. Parviz,
    No. 22-50160 (9th Cir. Nov. 28, 2022)

## STATUTES AND RULES

18 U.S.C § 1028A

18 U.S.C. § 1542

18 U.S.C. § 3553

18 U.S.C. § 3582(c)(1)(A)

Fed. R. Crim. P. 37

Fed. R. App. P. 12.1

Fed. R. App. P. 9

18 U.S.C. § 3582(c)(2)

California Rules of Court § 5.552

California Welfare & Institutions Code 827

Texas Family Code

18 U.S.C. § 3143(b)(1)

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAHSA PARVIZ

Defendant-Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
DISTRICT COURT NO. 2:21-cr-00293-SB (DMGx)

APPELLANT'S OPENING BRIEF; MOTION FOR REVIEW OF DENIAL
OF RELEASE PENDING APPEAL (Fed. R. App. P. 9); MOTION TO SEAL AND ISSUE
PROTECTIVE ORDER

## I. Relief Sought

Defendant-Appellant Mahsa Parviz moves for release
on bail pending her appeal in this matter.

## Grounds for Relief

Defendant-Appellant was found guilty by a jury on
December 16, 2021, of one count of making a false
statement on a passport application in violation of 18
U.S.C. § 1542 and one count of aggravated identity theft
in violation of 18 U.S.C. § 1028(A). On July 12,
2022, Ms. Parviz was sentenced to "a total of 61
months: 37 months as to Count One, and 24 months as
to Count Two, to be served consecutively." No.
2:21-cr-00293-SB, Dkt. 121.

Defendant-Appellant filed a timely appeal of this conviction and the appeal is still pending. See United States v. Parviz, No. 22-50160 (9th Cir. Nov. 28, 2022).

On November 9, 2022, Defendant-Appellant filed a motion for release pending the determination of the appeal in this matter. The Defendant's Emergency Motion for Indicative Ruling on Compassionate Release Pursuant to Fed. R. Crim. P 37, 18 U.S.C. § 3582(c)(1)(A) and Fed. R. App. P. 12.1 requested a hearing on the matter due to the necessity of presenting confidential records pertaining to a sealed case in camera.

On December 27, 2022, the United States District Court ruled on submission without considering the evidence in camera and denied the motion for release by issuing an indicative ruling. Attached hereto as 'EXHIBIT A' and fully incorporated herein for all purposes is a true and correct copy of the Court's order of

December 27, 2022.

The reasons given for the denial are set forth in 'EXHIBIT A'. The district court abused its discretion by resting its decision on a clearly erroneous finding of material fact and failed to apply the correct law.

Clear and convincing evidence shows that the Defendant-Appellant is not likely to flee, does not pose a danger to the safety of any person or to the community, and should not be subject to the imposition of Condition 10, which the district court plainly erred in imposing without undertaking additional procedural steps and restricting Defendant-Appellant's "particularly significant liberty interest" in associating with her child(ren). See United States v. Wolf Child, 699 F.3d 1082, 1089 ~~xxxxxxxxxx~~ (9th Cir. 2012) at 1090-92 (describing enhanced procedural requirements the court must follow when imposing a condition that restricts a defendant's particularly significant liberty interest in familial association),

The ruling of the District Court should be reversed because the appeal of the convictions is not made for purposes of delay and raises substantial questions of law likely to result in reversal of both counts.

## I. Legal Argument

The criteria for release by the Court of Appeals relies on the same statutes as applicable to the District Court. See 18 U.S.C. § 3143(b)(1). Defendant-Appellant moves this Court for an order releasing her on bail pending a determination of this Court. Defendant-Appellant's family is willing to post their $750,000.00 property to secure a bond. Defendant-Appellant's attorney, Thomas M. Bundy, Esq., has even pledged his two personal vehicles to serve as collateral for Ms. Parviz's release. Additional evidence will be presented upon entry of a motion to seal this matter and protective order.

WHEREFORE, Defendant-Appellant moves this Court for an order releasing her on bail pending determination

4

of this Court and requests oral argument on this Motion in order to present confidential records pertaining to a sealed case in camera in support of this Motion and any other such relief to which Defendant-Appellant may be entitled.

Dated: June 29th, 2023

Respectfully submitted by:

MAHSA PARVIZ (#54652509)
P.O. Box 13900
Seattle, WA 98198

STATEMENT OF RELATED CASES

Defendant-Appellant, pursuant to Ninth Circuit Rule 28-2.6, states it is aware of one case related to this appeal, United States v. Parviz, No. 22-50160 (9th Cir. Nov. 28, 2022).

**Exhibit** _____A_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAHSA PARVIZ,<br><br>Defendant. | Case No. 2:21-cr-00293-SB<br><br>ORDER DENYING MOTION FOR INDICATIVE RULING [DKT. NO. 150] |

    Defendant Mahsa Parviz was convicted of two felonies for presenting false information to get an emergency passport for her biological daughter (C.P.) as part of a kidnapping scheme. At the time of the incident, Defendant's parental rights had been terminated and she was restrained from contacting C.P. Several months ago, Defendant was sentenced to 61 months' imprisonment, and she filed a notice of appeal soon after. She now seeks to be released under 18 U.S.C. § 3582(c)(1) in light of her medical conditions and the related medical risks posed by the COVID-19 pandemic. Dkt. No. 150. Because any motion for compassionate release in this court is barred by her pending appeal, Defendant seeks a ruling pursuant to Federal Rule of Criminal Procedure 37 and Federal Rule of Appellate Procedure 12.1 indicating that the Court would grant her motion for early release. For the following reasons, the Court DENIES Defendant's motion.

## I.

    In June 2019, Defendant applied for an emergency passport for C.P. She supported her request with a letter allegedly written by a medical provider claiming that C.P. required emergency medical treatment outside the country and a flight itinerary purporting to show she and C.P. were scheduled to leave immediately for that surgery. The emergency application was granted, and Defendant received a passport for C.P. Dkt. No. 125 (Amended PSR) ¶¶ 6–10. After receiving the passport, Defendant flew to Texas in furtherance of a scheme to kidnap C.P. but

was apprehended by the local police before she could take C.P. The police searched her car and found packed suitcases, international travel documents (including C.P.'s passport), and written notes detailing Defendant's criminal plan to take C.P. to another country. PSR ¶ 38. Defendant was charged with two felonies: making a false statement in an application for a U.S. passport and aggravated identity theft. Dkt. No. 1. At trial, the Government presented evidence that Defendant's parental rights had been terminated, the letter was false, and that Defendant had forged the medical provider's signature on it. A jury found Defendant guilty on both counts. Dkt. No. 69. Defendant has an extensive criminal history: she previously had been convicted of crimes for abandoning or endangering a child; attempted kidnapping of her nephew and, in a separate incident, of C.P; tampering with a government record; and forgery of a financial instrument. PSR ¶¶ 31–38. She also has a history of filing false police reports. PSR ¶¶ 43–46. Accordingly, Defendant had a category VI criminal history at sentencing, PSR ¶ 41, and has been designated as having a high risk of recidivism if released, Dkt. No. 155-4 (Ex. C).

Defendant's projected release date is December 7, 2025, and she has served approximately 30% of her 61-month sentence. Dkt No. 155-3 (Ex. A) at 5. While Defendant's motion describes a litany of health issues, including "seizures, asthma, hypertension[], heart disease (atrial fibrillation), fibromyalgia, migraines, syncope, chronic pain, and paroxysmal loss of function in the lower extremities," her primary complaint is related to the breast implants she received after a partial mastectomy in 2007. Dkt. No. 150 at 4. She alleges that in August 2021, during her incarceration, one of the implants ruptured. She states she "has since had severe breast and chest pain," "suffers from capsular contracture," and that surgery is necessary. *Id.* Defendant submitted no evidence of her medical conditions with her motion.[1] *See id.*

---

[1] Instead, Defendant attached evidence that she relies upon to relitigate the question whether she still has parental rights to C.P. and to request permission to contact C.P. if her motion is granted. Dkt. No. 150 at 8–9 & 15–32. Defendant's use of this motion to reargue a previously resolved issue is improper and demonstrates her continued persistence.

II.

A.

Generally, "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). However, under Federal Rule of Criminal Procedure 37, district courts have the authority to (1) make an "indicative ruling" that it would grant the motion while an appeal is pending, (2) to defer consideration of the motion, or (3) deny the motion. Fed. R. Crim. P. 37(a). "[I]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings . . . ." Fed. R. App. P. 12.1(b). The district court may then "decide the motion if the court of appeals remands for that purpose." Fed. R. Crim. P. 37(c).

B.

Defendant seeks an indicative ruling that the Court would grant a motion for compassionate release. The general rule is that "[a] judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (cleaned up). The defendant bears the burden to produce evidence establishing entitlement to a sentence reduction. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998).

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), provides a narrow exception to the general prohibition on modifying sentences:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)    Extraordinary and compelling reasons warrant such a reduction;
>
> . . .

And that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

A court conducts a three-step inquiry when an inmate seeks compassionate release under § 3582(c)(1)(A). First, the defendant must exhaust her administrative rights with the Bureau of Prisons (BOP). Second, the defendant must establish "extraordinary and compelling reasons" for the requested sentence reduction and that the reduction is consistent with the U.S. Sentencing Commission's policy statement.[2] Third, the Court must consider the sentencing factors in Section 3553(a) to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A); *see also Aruda*, 993 F.3d 799–801 (describing the FSA's requirements).

### III.

The Government concedes that Defendant has exhausted her administrative rights with the BOP but correctly argues that Defendant's medical conditions do not constitute an "extraordinary and compelling" reason for release and that the factors in section 3553(a) independently weigh against release. Dkt. No. 155.

### A.

Defendant has not shown that her medical conditions require compassionate release. She is 30 years old and is not suffering from terminal illness or a serious physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

---

[2] The Ninth Circuit has held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13, which was promulgated before the FSA gave inmates the ability to file motions for compassionate release on their own behalf, is "not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Thus, § 1B1.13 "may inform a district court's discretion" for compassionate release motions filed by a defendant, but it is not binding. *Id.* The Court considers the policy statement only to this limited extent.

Despite her burden, Defendant did not produce *any* evidence in support of her contention that she suffers from medical conditions that amount to an extraordinary and compelling reason for release. The Government, however, obtained and filed Defendant's medical records. Even considering that evidence, the records fail to demonstrate that Defendant suffers from conditions that justify granting compassionate release. The records indicate that Defendant has complained of an issue with her right breast. In August 2021, Defendant told her medical provider that she noticed her right breast was reduced in size and that she had begun to experience chest pain. Ex. E at 24. Another provider noted that her right breast is "visibly misshapen." *Id.* at 6. However, soon after she reported the problem, she had an ultrasound that "show[ed] implants in place," "[n]o edema in the breast tissue adjacent to the implants," and "no abnormally enlarged lymph nodes." *Id.* at 5. She had another ultrasound in September 2022, and was "reassured that her breast exam . . . was normal with the exception of a sustained skin tear on her [right] nipple. There were no masses, no drainage, no lymphadenopathy, and no skin changes. She was afebrile." Ex. F at 5. Defendant's records also do not support her assertion that she suffers from capsular contracture. Her medical records contain only a February 2022 provisional diagnosis that "rule[s] out" capsular contracture. *Id.* at 93.

Defendant argues that she has been denied necessary treatment for reconstruction or removal of the implant, and she should be released so that she can be treated. Defendant's medical records support her assertion that the prison has not yet found a surgeon willing to see her: the records show that the BOP is "still looking for plastic surgeon consult" because the "plastic surgeons at White Memorial Hospital refused to see" her. *Id.* at 19, 32, 37, 41. But Defendant has not shown that she should be released because she has not yet received a surgical consultation. The BOP appears to have been responsive to Defendant's complaints, and Defendant has provided no evidence that her breast pain presents an emergency requiring immediate release, or that she is not able to receive reasonable care in prison.

As to her concerns about COVID-19, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons" for compassionate release. *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020). Defendant's medical records indicate she suffers from asthma, Ex. F at 2, which potentially places her at a somewhat higher risk for severe COVID-19 symptoms. But both her risk of contracting the virus and her risk of severe consequences if she is infected have been reduced by her partial

vaccination.  Defendant has refused a second dose of the vaccine (or any boosters).
While Defendant is free to decline vaccination, this choice undermines the claim
that her vulnerability to the virus warrants compassionate release.  *United States v.
Baeza-Vargas*, 532 F. Supp. 3d 840 (D. Ariz. 2021) (collecting cases).  Defendant
has not shown how any of her medical conditions—including her ruptured implant,
previous cancer treatment, asthma, history of seizures, or other ailments
unsupported by the record—puts her at increased risk of contracting or suffering
from an extreme case of COVID-19.

In short, Defendant has not shown that she has a serious medical condition
that rises to the level of an extraordinary and compelling reason for early release.

**B.**

Defendant's failure to show any extraordinary and compelling reason for
compassionate release is sufficient to deny the requested relief.  *United States v.
Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (explaining that "a district court that
properly *denies* compassionate release need not evaluate each step").  However,
the Court finds that the sentencing factors set forth in Section 3553(a) provide an
independent basis to deny the requested relief.  *See United States v. Tadios*, 854 F.
App'x 804, 805 (9th Cir. 2021) (holding that a district court's denial based on the
statutory factors "provide[s] an independent reason for denying a compassionate
release motion").  Although Defendant is currently imprisoned for a non-violent
offense, her extensive and escalating criminal history—including her persistence in
using extraordinary, elaborate, and criminal means to take C.P. from her foster
family—demonstrate her danger to the public and the low likelihood she will be
deterred from further criminal actions.  18 U.S.C. § 3553(a)(2)(B)–(C).  Defendant
was also sentenced just several months ago and has served only a third of that
sentence, which was imposed "to reflect the seriousness" of her crimes and her
intensifying misconduct, among other reasons (which the Court adopts here).  18
U.S.C. § 3553(a)(2)(A).  Accordingly, Defendant has not met her burden to show
that she should be granted compassionate release under the 3553(a) factors.

\*\*\*

For the foregoing reasons, the Court DENIES Defendant's motion for an
indicative ruling that it would grant her compassionate release.

IT IS SO ORDERED.

Date: December 27, 2022

Stanley Blumenfeld, Jr.
United States District Judge

Via USPS certified mail RRR #7011 1150 0001 9793 8434

Thursday, June 29th, 2023

In re: Cause No. 23-50008

Dear Clerk,

Please file the enclosed motion and remit a file-stamped copy to me at the coordinates below. At the Court's earliest convenience, please set this matter for an oral argument and in camera review of confidential records.

I do not presently have access to email but can coordinate a hearing through an authorized representative, Mrs. Shamsi Damavandi (my mother) at SDAMAVANDI@COLLIN.EDU.

Please do not hesitate to contact me directly if you have any questions and as always, thank you for your assistance.

MAHSA PARVIZ
P.O. Box 13900 (#546525009)
Seattle, WA 98198

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
JUL 03 2023
FILED
DOCKETED
DATE
INITIAL